UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTHONY GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant. | No. 1: 15-cv-01221---BAM<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**<br><br>(Doc. 2)<br><br>**ORDER DIRECTING PLAINTIFF TO RETURN CONSENT FORM** |

## **INTRODUCTION**

On August 6, 2015, Marcos Anthony Gonzalez ("Plaintiff"), appearing pro se, filed an application to proceed in forma pauperis. (Doc. 2.) A review of his application reveals that Plaintiff is entitled to proceed in forma pauperis and his application is GRANTED. 28 U.S.C. § 1915(a).

Plaintiff also has filed a complaint naming the State of California as defendant in this action. (Doc. 1.) The Court has screened the complaint and orders that it be dismissed with leave to amend.

///

1

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Allegations

Plaintiff's complaint, titled a "First Amended Complaint," contains a list of allegations identified as "Discrimination," "Aggravated Assault" and "Terrorist Threats" against Defendant State of California, Tulare County. (Doc. 1 at 2.) Plaintiff seeks 32.5 million in damages. Plaintiff's complaint fails to allege any facts; therefore, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff will be given an opportunity to amend his complaint and is provided with the following pleading and legal standards to assist him with filing an amended complaint.

## DISCUSSION

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 10(b). Further, Plaintiff's complaint fails to state a claim upon which

relief can be granted and seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).  As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint.  To assist Plaintiff, the Court provides the following pleading and legal standards.

### A.   Federal Rule of Civil Procedure 8

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief [,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

In this instance, Plaintiff's mere labels of purported violations are not sufficient to satisfy the pleading requirements of Rule 8.  Plaintiff must set forth the facts underlying his claims.  If Plaintiff amends his complaint, he must include the factual basis of his allegations.  Simply listing the parties or causes of action is not sufficient.  Plaintiff must explain his case with specificity.

### B.   Federal Rule of Civil Procedure 10(b)

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Plaintiff's complaint style and formatting fails to comply with Rule 10(b).  He must do more than simply list his purported causes of action.  In Plaintiff's amended complaint, he must comply with Rule 10(b).

### C.   Eleventh Amendment Immunity

Plaintiff names the State of California as the defendant in this action.[1] The Eleventh

---

[1] The State of California is the sole defendant identified in the caption.  In the body of the complaint, Plaintiff identifies one defendant as the State of California Tulare County.  (Doc. 1 at 2.)

Amendment erects a general bar against federal lawsuits brought against the state. *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir.2012). Accordingly, Plaintiff may not bring a monetary damages action against the State of California.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b). Plaintiff's complaint also fails to state a claim upon which relief can be granted and inappropriately seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). However, in an abundance of caution, and because Plaintiff is proceeding pro se, he will be given leave to amend the complaint to cure these deficiencies to the extent he can do so in good faith. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10, for failure to state a claim upon which relief can be granted and for seeking monetary relief against a defendant who is immune from such relief.

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3. The Clerk of the Court is directed to mail a Consent to Magistrate Jurisdiction Form to Plaintiff. Plaintiff shall complete the form and advise the Court whether or not he will consent to Magistrate Judge jurisdiction no later than **November 3, 2015**.

4. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **October 2, 2015**               /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE