UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTHONY GONZALEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA,<br><br>   Defendant. | No. 1:15-cv-01221---BAM<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 4)<br><br>**THIRTY-DAY DEADLINE** |

### **INTRODUCTION**

Plaintiff Marcos Anthony Gonzalez ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 5, 2015, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on October 19, 2015, is currently before the Court for screening.

**A.   Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P.

8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

    **B.**    **Plaintiff's Allegations**

Plaintiff alleges "(1) Discrimination of Race 2 Assault and (3) threats on plaintiff by Tulare county sheriffs (4) 8th amendment" and asserts that his civil rights "have been violated by police harassment [sic] civil Rights Act of 1964 [Plaintiff] prays on these grounds that relief will be paid." (Doc. 4 at 3.) Plaintiff seeks 32.5 million dollars in damages from the Tulare County Sheriff's Department main jail. The caption of his complaint lists numerous deputy sheriffs.

**DISCUSSION**

Plaintiff's first amended complaint, as with his original complaint, fails to allege any facts; therefore, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff will be given a final opportunity to amend his complaint and is provided with the following pleading and legal standards to assist him with filing an amended complaint.

    **A.**    **Federal Rule of Civil Procedure 8**

Plaintiff's complaint does not contain a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief [,]"

which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

In this instance, Plaintiff's mere labels of purported violations are not sufficient to satisfy the pleading requirements of Rule 8. Plaintiff must set forth the facts underlying his claims. If Plaintiff amends his complaint, he must include the factual basis of his allegations, including what happened, when it happened and who was involved. Simply listing the parties or causes of action is not sufficient. Plaintiff must explain his case with specificity.

**B.     Federal Rule of Civil Procedure 10(b)**

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). Plaintiff's complaint style and formatting fails to comply with Rule 10(b). He must do more than simply list his purported causes of action. In Plaintiff's amended complaint, he must comply with Rule 10(b).

**C.     Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is

made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In his amended complaint, Plaintiff fails to specifically identify or link any of the defendants identified in his caption to any constitutional claim(s). In any amended complaint, Plaintiff must identify each defendant and then allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

### D.     Excessive Force

Plaintiff appears to be complaining about an alleged assault by employees of the Tulare County jail in violation of the Eighth Amendment. However, it is not clear from Plaintiff's complaint if he was a pretrial detainee or convicted prisoner at the time of the alleged constitutional violations.

The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). It is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of excessive force which amounts to punishment, *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citing *Graham*, 490 U.S. at 395 n. 10), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir.2003) (citing *Gibson*, 290 F.3d at 1198) (quotation marks omitted).

In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies. *Lolli*, 351 F.3d at 415. The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted).

### E.     Discrimination

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated should be treated alike. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed .2d 313 (1985). To state an Equal Protection claim, Plaintiff must show that the defendants

acted with an intent or purpose to discriminate against him based on membership in a protected class, *Lee*, 250 F.3d at 686; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b).  Plaintiff's amended complaint also fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  However, in an abundance of caution, and because Plaintiff is proceeding pro se, he will be given a final opportunity to amend his complaint to cure these deficiencies to the extent he can do so in good faith.  Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10 and for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

3. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **October 27, 2015**          /s/ Barbara A. McAuliffe         
                                       UNITED STATES MAGISTRATE JUDGE