UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTHONY GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | No. 1:15-cv-01221---BAM<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(Doc. 7)<br><br>**THIRTY-DAY DEADLINE** |

## **INTRODUCTION**

Plaintiff Marcos Anthony Gonzalez ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 27, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend. Plaintiff's second amended complaint, filed on November 9, 2015, is currently before the Court for screening.

**A.    Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

**B.    Plaintiff's Allegations**

Plaintiff alleges as follows:

> On or about 8/25/2009 at 10:55 P.M. Marcos Anthony Gonzalez was taken out of his cell then took off all his clothes and gave him a smock to wear they kept him in a [safety] cell for about 4 days on the fourth day Sherriff [sic] Monica Walker and Deputy Elizaldi came to[] Marcos Anthony Gonzalez's cell and ordered him to[] take a shower when Marcos Anthony Gonzalez told Monica Walker and Deputy Elizadi he didn't want to[] the two sheriffs called for Back up after Deputy Elizaldi struck Marcos Anthony Gonzalez in the head with a expandble [sic] batton [sic] and Monica Walker taze him 3 three times on the Back then Deputy Hinojas Joel Puckett Silva Brian join in on the [assault] then prisoner Marcos Anthony Gonzalez was taken to[] [Kaweah] Delta Hospital.

(Doc. 7 at 1-2.)

**DISCUSSION**

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See*

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In his second amended complaint, Plaintiff alleges that "Deputy Hinojas Joel Puckett Silva Brian join in on the [assault]." This allegation is conclusory and fails to specifically allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights. It is not clear from the allegations what Plaintiff means by joining in on the assault. In other words, Plaintiff does not specify how these defendants were involved in the alleged assault.

Additionally, Plaintiff fails to clearly identify the defendants allegedly joining in on the assault. Specifically, the Court cannot determine whether "Deputy Hinojas Joel Puckett Silva Brian" refers to three, four or some other number of defendants. If Plaintiff amends his claims, he must clearly identify the defendants and allege what they did or did not do that violated his rights.

**B. Excessive Force**

It is not clear from Plaintiff's complaint if he was a pretrial detainee or convicted prisoner at the time of the alleged constitutional violations by employees of the Tulare County Sheriff's Department.

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). For Eighth Amendment claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth

1  Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*,
2  503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do
3  not violate the Constitution, the malicious and sadistic use of force to cause harm always violates
4  contemporary standards of decency, regardless of whether or not significant injury is evident,
5  *Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks
6  omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

By contrast, it is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees from the use of excessive force which amounts to punishment, *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)), and the Fourth Amendment sets the applicable constitutional limitations for considering such claims, *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (citing *Gibson*, 290 F.3d at 1198) (quotation marks omitted). In resolving claims of excessive force brought by pretrial detainees, the Fourth Amendment's objective reasonableness standard applies. *Lolli*, 351 F.3d at 415. The inquiry is whether Defendants' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id.* (citing *Graham*, 490 U.S. at 397) (quotation marks omitted).

Here, Plaintiff may be able to state an excessive force claim against certain defendants, including Monica Walker and Deputy Elizaldi. However, Plaintiff does not specify whether or not he was a pretrial detainee or convicted prisoner at the time of the incident. Further, Plaintiff may be able to state an excessive force claim against "Deputy Hinojas Joel Puckett Silva Brian." However, as discussed above, it is unclear whether this string of names refers to three, four or some other number of defendants.

Plaintiff will be given a final opportunity to amend his claims. If Plaintiff elects to amend his complaint, he should recite the facts giving rise to this action <u>and</u> specify whether he was a pretrial detainee or convicted prisoner at the time of the alleged incident. He also should clearly identify each defendant and allege what they did or did not do that resulted in an asserted violation of his constitutional rights.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court finds that Plaintiff's second amended complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). However, it appears that Plaintiff may be able to amend his complaint to cure the identified deficiencies. Therefore, the Court will grant him an additional opportunity to amend his complaint. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and

3. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **November 13, 2015**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE