# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTHONY GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No.  1:15-cv-01221-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

　　　　Plaintiff Marcos Anthony Gonzalez ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction on October 27, 2015. (ECF No. 5.)

　　　　On November 17, 2016, the Court issued a screening order requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his cognizable claims. (ECF No. 11.) On December 7, 2016, the order was returned by the United States Postal Service as "RTS, Not Here, Unable to Forward."

　　　　Plaintiff is required to keep the Court apprised of his current address at all times.  Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-

three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than February 13, 2017. Plaintiff has failed to file a notice of change of address and has not otherwise been in contact with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court and are not "conditions precedent" for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, the Court cannot communicate with Plaintiff, and there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228-29; *Carey*, 856 F.2d at 1441. The Court will therefore dismiss this action based on Plaintiff's failure to prosecute this action.

///
///
///
///
///

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Accordingly, for the reasons stated, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to prosecute. This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **February 21, 2017**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE